(Page 32 of 41)
Case 4:20-cv-03416 Document 1-2 Filed on 10/02/20 in TXSD Page 1 of 10
Filed
8/31/2020 10:38 PM
Beverley McGrew Walker
District Clerk
Fort Bend County, Texas
Salena Jasso

CAUSE NO. **20-DCV-276349**

| | | |
|---|---|---|
| CHRISTIAN ANDRES CANTU | § | IN THE DISTRICT COURT OF |
| PLAINTIFF | § § § | |
| v. | § § | FORT BEND COUNTY, T E X A S |
| KORY JASON GRIFFIN AND USIC LOCATING SERVICES, LLC. DBA USIC | § § § § § | Fort Bend County - 268th Judicial District Court |
| DEFENDANTS | § § | _____ JUDICIAL DISTRICT |

### PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW Christian Andres Cantu, (hereinafter called "Plaintiff"), complaining of Kory Jason Griffin, (hereinafter called "Defendant Griffin"), and USIC Locating Services, LLC, (hereinafter called "Defendant USIC"), and for cause of action would respectfully show unto this Honorable Court and Jury the following:

### I.

### PARTIES

1. Plaintiff is a resident citizen of Richmond, Fort Bend County, Texas.

2. Defendant Griffin is a resident citizen of Portage, Wisconsin and can be served with citation at 619 Grove St., Portage, Wisconsin 53901.

2a. Defendant Griffin is a non-resident of Texas and may be served pursuant to, Texas Civil Practice and Remedies Code Section 17.061 (a) (3), by serving the Chair of the Texas Transportation Commission at J. Bruce Bugg, Jr. Chairman, Texas Transportation Commission, 125 E. 11th Street, Austin, TX 78701-2483.

3. Defendant USIC is a Texas Limited Liability Company with its principal place of business located at 219 Airtex Dr., Houston, Harris County, Texas 77090. Defendant USIC is a corporation duly registered to conduct business in the State of Texas and may be served with citation by

Plaintiff's Original Petition                                             1

serving their registered agent, C.T. Corporation System, 1999 Bryan St., Suite 900, Dallas, TX 75201-3136, or wherever they may be found.

## II.

## JURISDICTION AND VENUE

5. Venue is proper in Fort Bend County, Texas under Texas Civil Practice & Remedies Code section 15.002(a)(2) because Defendant Griffin, a natural person, is a Fort Bend County resident and resides at 4211 Brandt Rd, Richmond, TX 77407.

6. Venue is also proper in Fort Bend County, Texas under Texas Civil Practice & Remedies Code section 15.002(a)(3) because Defendant USIC, is not a natural person, and their principal office is located at 12146 Beechnut St., Houston, 77072 Fort Bend County, Texas 77346.

## III.

## DISCOVERY CONTROL PLAN

7. Discovery is intended to be conducted under Level 2 of TRCP 190.

## IV.

## NEGLIGENCE BY DEFENDANT GRIFFIN

8. It has become necessary to bring this action because of injuries sustained by Plaintiff, as a result of a vehicular collision that occurred on or about November 26, 2018, at or around US 90A Block 100, Richmond, Fort Bend County, Texas.

9. The evidence will show that the collision between the vehicle in which Plaintiff was driving and the vehicle operated by Defendant Griffin, in the course and scope of his employment with Defendant USIC, and Plaintiff's resulting injuries were proximately caused by the negligence of Defendant Griffin, in one or more of the following acts of negligence:

  a. Driving a vehicle at a faster rate of speed than a person of ordinary, reasonable prudence would have driven under the same or similar circumstances.

  b. Failing to keep such a lookout as a person of ordinary, reasonable prudence would have kept under the same or similar circumstances.

  c. Failing to swerve or otherwise maneuver the vehicle so as to avoid the collision

made the basis of this suit;

d. Failing to bring the vehicle which Defendant Griffin was driving to a stop, so as to avoid the collision made the basis of this suit;

e. Failing to make a timely application of the brakes of the vehicle which Defendant Griffin was driving, so as to avoid the collision made the basis of this suit;

f. Failing to maintain proper control of the vehicle operated by Defendant Griffin;

g. Operating the motor vehicle in an unsafe and hazardous manner;

h. Failing to use ordinary care which a person of ordinary prudence would have done under the same circumstances or doing that which a person of ordinary prudence would not have done under the same or similar circumstances; and/or

I. Any other negligent act or omission found by the trier of fact.

10. Each of the foregoing acts of negligence was a proximate cause of Plaintiffs' resulting injuries and damages.

## V.

### *NEGLIGENCE PER SE* BY DEFENDANT GRIFFIN

11. The negligent, careless and reckless actions and disregard of duty by Defendant Griffin set forth in paragraphs 8-10 above are adopted by reference into this section, all of which were negligent and also *negligent per se*. In addition, Defendant Griffin violated numerous provisions of the Texas Transportation Code all of which were, singularly or in combination, a proximate cause of the collision and resulting injuries to Plaintiff, in one or more of the following acts of *negligence per se*:

a. Driving at a speed greater than is reasonable and prudent under the circumstances then existing. Tex. Transp. Code § 545.351(a);

b. Driving a vehicle at a speed greater than is reasonable and prudent under the conditions and having regard for actual and potential hazards then existing and failing to control the speed of the vehicle as necessary to avoid colliding with another person or vehicle that is on or entering the highway in compliance with the law and the duty of each person to use due care. Tex. Transp. Code § 545.351(b);

c. Drives a vehicle in willful or wanton disregard for the safety of persons or property. Tex. Transp. Code § 545.401(a);

Plaintiff's Original Petition 3

    d.    Failing to drive a nearly entirely within a single lane. Tex. Transp. Code § 545.060 (1);

    e.    After stopping, failing to proceed into intersection when it can be safely entered without interference or collision with traffic using a different street or roadway. Tex. Transp. Code § 545.151 (a) (2);

## VI.

## RESPONDEAT SUPERIOR BY DEFENDANT USIC

12.    At the time of the incident, Defendant Griffin was an employee of Defendant USIC and operating within his scope of employment and on behalf of Defendant USIC and; therefore, Defendant USIC is legally responsible for the acts and/or omissions of its employee Defendant Griffin and the damages proximately caused pursuant to the legal theory of *Respondeat Superior*.

## VII.

## NEGLIGENCE AND *NEGLIGENCE PER SE* BY DEFENDANT USIC

13.    Defendant USIC violated numerous federal and state regulations designed to protect and safeguard the motoring public, including Plaintiff, whereby Defendant USIC is independently liable for negligence and/or negligence *per se*. Such acts and/or omissions were a proximate cause of the collision and Plaintiff's resulting injuries and damages.

14.    The negligent, careless and reckless actions and disregard of duty by Defendant Griffin set forth in paragraphs 8 - 11 above are adopted by reference into this section, whereas Defendant USIC was also required to observe the rules and regulations violated by Defendant Griffin. Moreover, the conduct of Defendant USIC in this case was negligent and *negligent per se* resulting in the subject collision and damages to Plaintiff. Defendant USIC employed a driver whose disregard of the state and federal regulations and/or lack of understanding of basic driving rules meant it was not a matter of whether Defendant Griffin would cause a collision, but a matter of when he would do so, as in this case. Defendant USIC knew Defendant Griffin was incompetent to drive, as evident by Defendant Griffin' clearly negligent, carless and reckless disregard for and numerous

Plaintiff's Original Petition                   4

violations of the Federal Motor Carrier Safety Regulations, the Texas Transportation Code, and the Industry Standards for a commercial motor vehicle driver. The collision at issue was the result of a system failure wherein Defendant USIC failed to follow and obey mandated regulations to ensure the safety of the general public.

15. In addition, Defendant USIC violated numerous provisions of the Federal Motor Carrier Safety Regulations and Title 25 Texas Administrative Code Section 289.252(ii), all of which were, singularly or in combination, a proximate cause of the collision and resulting injuries to Plaintiff, in one or more of the following acts of negligence and negligence *per se*:

    a. Failing to properly train, monitor and/or audit Defendant Griffin; and/or

    b. Failed to follow Tex. Transp. Code §521.459(a) by not investigating driver's driving record with the Department of Public Safety.

16. The negligent, careless and reckless actions and disregard of duty by Defendant Griffin set forth in paragraphs 8 - 11 above are adopted by reference into this section, all of which were negligent and also *negligent per se*. Defendant USIC violations, all of which were, singularly or in combination, a proximate cause of the collision and resulting injuries to Plaintiff.

### VIII.

### NEGLIGENT HIRING BY DEFENDANT USIC

17. At the time of the collision, Defendant Griffin was operating within his scope of employment and on behalf of Defendant USIC. Defendant USIC has a legal duty to hire competent employees. Defendant USIC breached the duty when Defendant USIC negligently hired Defendant Griffin in that it failed to adequately conduct a background investigation into Defendant Griffin' driving, criminal and employment history and is therefore liable to the Plaintiff under the legal theory of *Negligent Hiring*. More specifically, Defendant USIC failed to:

    a. assess Defendant Griffin' capabilities as a fit and competent driver; and/or

    b. any other acts of negligence that may be offered through evidence obtained in the discovery of this case or may be proven at trial.

Plaintiff's Original Petition                       5

Defendant USIC's breach of its duty to hire competent employees proximately caused injury to Plaintiff as herein pled.

### IX.

### NEGLIGENT RETENTION BY DEFENDANT USIC

18    At the time of the collision, Defendant Griffin was operating within his scope of employment and on behalf of Defendant USIC. Defendant USIC negligently retained Defendant Griffin in that Defendant USIC knew or should have known that the continued employment of Defendant Griffin would create an unreasonable risk of harm to others. Defendant USIC breached its duty to remain knowledgeable about Defendant Griffin' competence and fitness and upon obtaining knowledge of such unfitness wrongfully retained Defendant Griffin in its employ as set forth in paragraphs 15 and 17 above. Such breach of duty was the proximate cause of damages to the Plaintiff as herein pled.

### X.

### NEGLIGENT ENTRUSTMENT BY DEFENDANT USIC

19.    At the time of the collision in question, Defendant USIC was the owner of the vehicle driven by Defendant Griffin. On the date and at the time in question, Defendant USIC entrusted its vehicle to Defendant Griffin for the purpose of operating it on the public streets and highways of Texas, and, therefore, Defendant Griffin operated the vehicle with the knowledge, consent, and permission of Defendant USIC.

20.    At the time of the collision, Defendant Griffin was negligent and Defendant USIC knew, or in the exercise of due care, should have known, that Defendant Griffin was incompetent and unfit and would create an unreasonable risk of danger to persons and property on the public streets and highways, in that Defendant Griffin was reckless and irresponsible as set forth in paragraphs 15 - 18 above.

21.     Defendant USIC could reasonably have anticipated that entrusting a vehicle to an incompetent or reckless driver would result in an injury to Plaintiff and such conduct was the proximate cause of damages to the Plaintiff as herein pled.

## XI.

## GROSS NEGLIGENCE/PUNITIVE DAMAGES BY DEFENDANT USIC

22.     Plaintiff would further show that the negligent acts and/or omissions by Defendant USIC in as set forth in paragraphs 13 - 21 above constitute an entire want to care as to indicate that such acts and/or omissions were the result of conscious indifference to the rights, safety and welfare of others, including Plaintiff , and thus amount to gross negligence as that term is defined under Texas Civil Practice & Remedies Code, § 41.003.  Defendant USIC should have punitive damages assessed against it and awarded to Plaintiff in an amount deemed appropriate by the Jury.

## XII.

## DAMAGES SUFFERED BY PLAINTIFF

23.     Upon trial of this case, it will be shown that Plaintiff has sustained injuries and damages as a proximate result of the Defendants' negligence; and Plaintiff will respectfully request the Court and Jury to determine the amount of the loss Plaintiff has incurred in the past and will incur in the future, not only from a financial standpoint, but also in terms of good health and freedom from pain and worry.  There are certain elements of damages, provided by law, that Plaintiff is entitled to have the Jury in this case consider separately to determine the sum of money for each element that will fairly and reasonably compensate Plaintiff for the injuries and damages and losses incurred and to be incurred.  From the date of the collision in question until the time of trial of this case, those elements of damages to be considered separately and individually for the purpose of determining the sum of money that will fairly and reasonably compensate Plaintiff for each element are as follows:

1.     The physical pain that Plaintiff has suffered from the date of the collision in question up to the time of trial.

2.     The mental anguish that Plaintiff has suffered from the date of the collision in question up

       to the time of trial.

3.     The amount of reasonable medical expenses necessarily incurred in the treatment of Plaintiff's injuries from the date of the collision in question up to the time of trial.

4.     The diminished earning capacity sustained by Plaintiff from the date of the collision in question up to the time of trial.

5.     The physical incapacity and disability suffered by Plaintiff and the resulting inability to do those tasks and services that Plaintiff ordinarily would have been able to perform.

6.     The disfigurement which Plaintiff has suffered from the date of the collision up to the time of trial.

7.     The physical impairment suffered by Plaintiff up to the time of trial.

24.     From the time of trial of this case, the elements of damages to be separately considered which Plaintiff will sustain in the future beyond the trial, are such of the following elements that are shown by a preponderance of the evidence upon trial of this case:

1.     The physical pain that Plaintiff will suffer in the future beyond the time of trial.

2.     The mental anguish that Plaintiff will suffer in the future beyond the time of trial.

3.     The reasonable value of medical expenses that will necessarily be incurred in the treatment of Plaintiff's injuries in the future beyond the time of trial.

4.     The diminished earning capacity of Plaintiff in the future caused by the injuries sustained.

5.     Physical incapacity and disability that Plaintiff will continue to suffer in the future and the resulting inability to do those tasks and services that Plaintiff ordinarily would have been able to perform in the future beyond the time of trial.

6.     The disfigurement which your Plaintiff will suffer in the future beyond the time of trial.

7.     The physical impairment which your Plaintiff will suffer in the future beyond the time of trial.

### XIII.

### PRIOR MEDICAL CONDITION

25.     Plaintiff would show that if he was suffering from any disease or condition existing prior to the occurrence in question, such disease or condition was dormant and unknown to Plaintiff and not causing any symptoms, pain or disability, and that the occurrence in question has incited,

Plaintiff's Original Petition         8

accelerated and aggravated such conditions to such an extent that they have now become painful and disabling as described herein.

## XIV.

## AMOUNT OF DAMAGES

26. Plaintiff entrust the determination of the amount of damages suffered by the Plaintiff to the sole discretion of the jury in this matter, however, Plaintiff is seeking monetary relief over $1,000,000.

27. A demand for judgment for all the other relief to which plaintiff is justly entitled.

## XV.

## PRAYER

28. WHEREFORE, PREMISES CONSIDERED, Plaintiff pray that Defendant Griffin and Defendant USIC be cited to appear and answer herein, and that upon final trial Plaintiff recover Judgment against the Defendants in an amount in excess of the jurisdictional limits of this Court.

29. Plaintiff seek all actual damages and pray for such other and different amounts as Plaintiff shall show by proper amendment before trial. Plaintiff seeks all costs of court, interest on the Judgment from the date it is rendered, together with Pre-Judgment interest at the legal rate, if legally applicable, from the date of the occurrence herein until trial. Plaintiff seeks punitive damages together with such other and further relief, both general and special, at law and in equity, which Plaintiff may be entitled under the facts and circumstances.

## XVI

## REQUEST FOR DISCLOSURE

30. Under Texas Rule of Civil Procedure 194, plaintiff requests that defendant disclose, within 50 days of the service of this request, the information or material described in Rule 194.2.

Plaintiff's Original Petition                                   9

## XVII

## REQUEST FOR TRIAL BY JURY

31. Plaintiff request a trial by Jury.

Respectfully submitted,

/s/ Frank Yeverino

By: _____
Frank Yeverino
Texas Bar No. 00793076
Email: frank@fylawfirm.com
112 W. 4th street
Houston, TX 77007
Tel. (713) 545-2520
Fax. (281) 520-4253

**ATTORNEY FOR PLAINTIFF**